UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RONALD E. ROLFE** | : | **DOCKET NO. 19-cv-00720** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **ACE AMERICAN INSURANCE COMPANY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING AND ORDER**

Before us for consideration is a Motion to Compel Independent Medical Examination filed by defendants Ace American Insurance Company, CRST Expedited, Inc., and Justin Bachman. Doc. 51. The motion is opposed by plaintiff. Doc. 61. Defendants have replied to the opposition [doc. 62] and the matter is now ripe for determination. After consideration of the pleadings, the exhibits attached to the memoranda, and the argument of the parties, we conclude the motion should be **GRANTED** and plaintiff, Donald Rolle is compelled to attend a Rule 35 examination with Dr. James Butler.

We accept the following factual background as recited by plaintiff in his opposition to the motion:

> The instant suit arises out of injuries sustained by Donald Rolfe in a motor vehicle wreck that occurred during the course and scope of his employment on May 17, 2018. Due to his injuries and the resulting disability, Mr. Rolfe pursued and collected workers' compensation medical and indemnity benefits. During the course of the workers' compensation proceeding, Mr. Rolfe received extensive treatment from his choice of orthopedic surgeon/spine specialist, Eric Graham, MD. Mr. Rolfe was then evaluated twice by his employer's choice of orthopedic surgeon/spine specialist, Ralph Katz, MD. Because Dr. Katz agreed with opinions held by Dr. Graham regarding

> the nature of Mr. Rolfe's injuries, and that the subject MVA aggravated pre-existing conditions of Mr. Rolfe, evaluation by a third orthopedic surgeon did not occur.

Doc. 61, p. 1. In their memorandum, defendants show that they requested a Rule 35 examination by Dr. James Butler according to the procedure enunciated by the rule. Doc. 51, att. 1, p. 1. They note that four months prior to the accident that is the subject of this lawsuit, plaintiff "fractured a lumbar vertebra when he fell while yanking a 300 pound door." *Id.* p. 4. They acknowledge the previous participation of Dr. Katz in evaluating the plaintiff but claim "good cause" for evaluation of a physician of their choosing insofar as two years have passed since Dr. Katz's initial evaluation and plaintiff's course of treatment during that time was not one suggested or anticipated by him. *Id*. p. 2. They state:

> In the two years since Dr. Katz's examination, Rolfe has undergone two epidural injections, two sets of medial branch blocks, and two sets of radiofrequency ablations that were not contemplated at the time of Dr. Katz's examination. According to Rolfe's experts, he will continue to need two sets of radiofrequency ablations every year for the rest of his life for which Defendants must pay.

*Id*. p. 5.

As they anticipated he would, plaintiff opposes the motion suggesting that the information from Dr. Katz as well as plaintiff's treating physicians "provide Defendants and their expert with all the information necessary to form an opinion on the cause of Mr. Rolfe's injuries and the necessity of future treatment" and they have not established good cause under Rule 35 "for a third examination of Mr. Rolfe in this case." Doc. 61, p. 3. He responds to the defendants' point that Dr. Katz was selected by the workers' compensation litigants, not them, by noting "his selection was part of an adversarial process and made by a party, like Defendants, who were adverse to Mr. Rolfe and his interests at the time it was made." *Id.* p. 9. Defendants reply that Dr. Katz's examination is not a substitute for an independent medical examination. They note that Dr. Katz's

involvement was "based on the worker's compensation scheme" which is not as nuanced as is the tort recovery sought from these defendants where, unlike workers' compensation, the finder of fact may consider "multiple causes for an injury," a factor most important here as plaintiff had been injured a mere four months before the accident that is the basis of this lawsuit. Doc. 62, p. 2 (citations omitted).

Finding no need to reinvent the wheel here, we will quote liberally from one of our fellow magistrate judges who appropriately noted as follows:

> Independent medical examinations are authorized under Rule 35, FRCP. A medical examination may be ordered under the Rule when the moving party shows "good cause" for the examination and that the condition to be examined be "in controversy". *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992); *Grossie v. Florida Marine Transporters, Inc.*, 2006 WL 2547047, at *2 (W.D. La. 2006); *Schlagenhauf v. Holder*, 379 U.S. 104, 118-119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964). Generally, courts liberally construe the rule in favor of granting discovery. *Gilley v. Lowe's Home Centers, LLC*, 2015 WL 1304592, *1 (W.D. La. 2015) *citing McClanahan v. Transocean Offshore Intern. Ventures Ltd.* 2006 WL 2989243, at *2 (W.D. La. 2006) *citing Grossie*, *supra.* Rule 35 does not establish a limitation on the number of examinations to which a party may be subjected; each request for an independent medical examination must turn on its own facts and depends solely on the circumstances underlying the request. *Moore*, 142 F.R.D. at 135. Because the standards established by Rule 35 are flexible, the resolution of the pending motion rests within the sound discretion of the trial court. *Id. citing Teche Lines v. Boyette*, 111 F.2d 579, 581 (5th Cir. 1940); *see also Glaze v. Bud's Boat Rental, Inc*, 1993 WL 441890, *1 (E.D. La. 1993).

*Johnson v. Jowin Express, Inc.,* 2016 WL 3200281, at *1 (W.D. La. June 8, 2016) (footnote omitted).

When considering all of the above we conclude that defendants have stated good cause for an examination by a physician of their own choosing. No one is suggesting that plaintiff has not put his physical condition at issue. Dr. Katz, not selected by defendants, has not seen the plaintiff for a considerable period of time, his assigned duties were not aligned with the type of expert

assistance needed by these defendants, and defendants' expert is not required to rely on testing or other information gathered by other experts when rendering his report. Defendants' Motion to Compel Independent Medical Examination is **GRANTED**. Defendant is to appear before Dr. James Butler on a date and at a time reasonable fixed by the defendants.

THUS DONE AND SIGNED in Chambers this 14th day of December, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE