UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

DONALD E ROLFE                                        CASE NO.  2:19-CV-00720

VERSUS                                                       JUDGE JAMES D. CAIN, JR.

ACE AMERICAN INSURANCE CO ET AL   MAGISTRATE JUDGE KAY

<u>MEMORANDUM ORDER</u>

Before the Court is an "Objection and Appeal of Magistrate Judge's December 14, 2021 Order to Compel an Independent Medical Examination" [Doc. 65] filed by Plaintiff Donald Rolfe. The appeal relates to Magistrate Judge Kathleen Kay's order granting a Motion to Compel and Independent Medical Examination [Doc. 63].

Mr. Rolfe, through his counsel, asserts that he was injured in a motor vehicle accident on May 17, 2018 during the course and scope of his employment. Due to his injuries and the resulting disability, Mr. Rolfe pursued and collected workers' compensation medical and indemnity benefits. During the course of the workers' compensation proceeding, Mr. Rolfe received extensive treatment from his choice of orthopedic surgeon/spine specialist, Eric Graham MD. Mr. Rolfe was then evaluated twice by his employer's choice of orthopedic surgeon/spine specialist, Ralph Katz, MD. Because Dr. Katz agreed with opinions held by Dr. Graham regarding the nature of Mr. Rolfe's injuries, and that the subject motor vehicle accident aggravated the pre-existing conditions of Mr. Rolfe, evaluation by a third orthopedic surgeon did not occur. Doc. 61.

FRCP 35 states that the "court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Importantly, such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). To show "good cause", there must be specific facts that demonstrate the need for the information sought and a lack of means for obtaining it elsewhere. *Schlahenhauf v. Holder*, 379 U.S. 104, 118 (1964). Good cause generally exists in every case where the plaintiff is claiming personal injuries. *Id.*

As was pointed out in the magistrate judge's ruling, defendants assert that four months prior to the motor vehicle accident that is the subject of this lawsuit, Mr. Rolfe fractured a lumbar vertebra when he fell with a 300 pound door. Doc. 63. Defendants acknowledge the previous participation of Dr. Katz in evaluating Mr. Rolfe but claim "good cause" for evaluation of a physician of their choosing as Dr. Katz does not get into the details regarding Mr. Rolfe's pre-accident condition and the condition and quality of Mr. Rolfe's back prior to the accident. Doc. 72 p. 5. Defendants assert that Dr. Butler, their choice of physician, will be asked to opine regarding how preexisting conditions affect Mr. Rolfe's current pain levels and abilities which are not much of a concern in workers' compensation cases. *Id.* at p. 6.

When considering all of the above, this Court finds that the defendants have stated good cause for an examination by a physician of their own choosing. Accordingly,

2

It is **ORDERED** that the "Objection and Appeal of Magistrate Judge's December 14, 2021 Order to Compel an Independent Medical Examination" [Doc. 65]is **DENIED.**

Defendants are permitted to conduct an independent medical examination of Mr. Rolfe that is limited to 2 hours in duration and must be paid for by the defendants.

**THUS DONE AND SIGNED** in Chambers on this 11th day of January, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**