UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DONALD E ROLFE** | **CASE NO. 2:19-CV-00720** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ACE AMERICAN INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment" [Doc. 67] filed by defendants Ace American Insurance Company, CRST Expedited, Inc., and Justin Bachman who move for partial summary judgment of plaintiff Rolfe's claims against CRST Expedited, Inc. for negligent training, supervision, and for failure to implement policies and procedures governing hiring, training, and supervision. Plaintiff has filed an opposition to this motion [Doc. 74]. Accordingly, the matter is now ripe for decision.

### BACKGROUND

This suit arises from a motor vehicle accident that occurred on May 17, 2018, in Calcasieu Parish, Louisiana. Doc. 1, att 4.  Mr. Rolfe was stopped at a light exiting Walmart in Sulphur, Louisiana, when Defendant Justin Bachman took a left-hand turn into the parking lot from N. Cities Service Highway and collided with Mr. Rolfe's vehicle. Doc. 74; Doc. 67-2.

At the time of the motor vehicle accident, Mr. Bachman was a "student-driver," operating as an employee of CRST Expedited, and was operating under the observation of

a CRST Expedited trainer-driver. Doc. 74-2 Deposition of Terry Pump CRST's 30(B)(6) representative.

Defendants filed a stipulation of the following issues:

1. Defendants hereby stipulate that on May 17, 2018, the date of the accident made subject of the above captioned litigation ("Subject Accident"), Justin Bachman was acting in the course and scope of his employment with CRST Expedited, Inc.

2. Defendants hereby further stipulate that Ace American Insurance Company issued a policy of commercial liability insurance in favor of CRST Expedited, Inc. which was in full force and effect on the date of the Subject Accident.

3. Justin Bachman was solely liable for the subject May 17, 2018, accident.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This

requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW & APPLICATION

The defendants argue that the Louisiana Supreme Court unanimously denied a plaintiff's writ when the First Circuit ruled that a plaintiff cannot maintain a direct negligence claim against an employer while simultaneously maintaining a claim against the alleged negligent employee for which the plaintiff seeks to hold the employer vicariously liable, after the employer has admitted that the employee was in the course and scope of employment at the time of the alleged conduct. *Elee v. White*, 2019-1633 (La. App. 1 Cir. 7/24/20), ___ So.3d ___, 2020 La. App. LEXIS 1115, 2020 WL 4251974, writ denied, 20-01048 (La. 11/10/20), 303 So.3d 1038 (Mem), 2020 WL 6580733. The defendants note that the denial of this writ does not have jurisprudential value, but they

argue that it demonstrates that the Louisiana Supreme Court had the opportunity to address the question at issue but declined to do so. The defendants further argue that as such the Louisiana Supreme Court has not reversed Louisiana's state appellate courts decisions regarding separate causes of action for vicarious liability and employer's independent negligence, and therefore the Louisiana state appellate court decisions constitute governing state law on the legal question at issue.

The Court disagrees and recognizes *Reginald Martin v. Rodney Thomas, Greer Logging, LLC and Nat'l Liability and Fire Ins. Co.*, 21-C-1490 (La. 12/21/12) *writ application granted*, where the Louisiana Supreme Court granted a writ addressing this issue on December 21, 2021. In *Martin v. Thomas*, the Second Circuit held that the plaintiff could not sustain an independent negligence claim against the employer after the employer stipulated to its driver's status as an employee acting in the course and scope of his employment. 326 So.3d 334 (La. App. 2d Cir. 2021). The Louisiana Supreme Court then granted a writ to address this issue. As such, the Court finds no merit to defendant's assertions that Louisiana's state appellate courts decisions regarding separate causes of action for vicarious liability and employer's independent negligence constitute the governing state substantive law because the Louisiana Supreme Court has denied a writ.

This Court has previously addressed this issue in *Gordon v. Great W. Cas. Co.*, 2020 U.S. Dist. LEXIS 112281 (W.D. La. June 25, 2020), and found that the Louisiana Supreme Court has and would continue to permit direct negligence claims even against an employer who is vicariously liable for the employee's negligence.

Defendants ask this Court to rule as a matter of Louisiana law to exclude evidence of CRST Expedited's direct negligence, because the same party will be liable to pay the damages regardless of how the jury will allocate the fault amongst the defendants. However, "[t]he fundamental purpose of Louisiana's comparative fault scheme is to ensure that each tortfeasor is responsible only for the portion of the damage he has caused." *Thompson v. Winn-Dixie Montgomery, Inc*., 181 So.3d 656, 664 (La. 2015) (quoting *Miller v. LAMMICO*, 973 So2d 693, 706 (La. 2008)). Accordingly, this Court is not persuaded by defendant's argument that evidence of CRST Expedited's direct negligence should be excluded as a matter of Louisiana law. Where an employer's potential fault is merged with that of the employee, the jury might not have a true picture of either party's wrongful acts – which may, in turn, magnify the comparative fault of the plaintiff or other individuals. Therefore, the undersigned will not grant the Motion for Partial Summary Judgment and finds that plaintiffs are permitted to bring direct negligence claims even against an employer who is vicariously liable for the employee's negligence.

## CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [Doc. 67] will be **DENIED** and plaintiffs will be permitted to proceed with their claims of independent negligence against CRST Expedited, Inc.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of February, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**