## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**DONALD E ROLFE**                                **CASE NO.  2:19-CV-00720**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**ACE AMERICAN INSURANCE CO ET AL   MAGISTRATE JUDGE KAY**

## <u>MEMORANDUM ORDER</u>

Before the Court is a Motion in Limine [Doc. 81], filed by Defendants Ace American Insurance Company, CRST Expedited, Inc., and Justin Bachman, seeking to prohibit Plaintiff from introducing:

(1) Any evidence introduced to support a negligent training claim against CRST Expedited, Inc.;
(2) Any evidence, testimony or questions related to insurance coverage or corresponding policy limits should be excluded;
(3) Any evidence of the full amount of medical expenses paid by the Worker's Compensation carrier.

Plaintiff Donald Rolfe opposes the motion [Doc. 91]. Plaintiff does not oppose numbers (2) and (3) of Defendant's Motion in Limine and agrees that both of these topics are barred at trial. Fed. R. Evid 411.

As such, the only matter at issue is the admissibility of number (1), the evidence to support a negligent training claim against CRST Expedited. Accordingly, the matter is fully briefed and ready for ruling.

## <u>BACKGROUND</u>

This suit arises from a motor vehicle accident that occurred on May 17, 2018, in Calcasieu Parish, Louisiana. Doc. 1, att 4.  Mr. Rolfe was stopped at a light exiting Walmart

in Sulphur, Louisiana, when Defendant Justin Bachman took a left-hand turn into the parking lot from N. Cities Service Highway and collided with Mr. Rolfe's vehicle. Doc. 74; Doc. 67-2.

At the time of the motor vehicle accident, Mr. Bachman was a "student-driver," operating as an employee of CRST Expedited, and was operating under the observation of a CRST Expedited trainer-driver. Doc. 74-2 Deposition of Terry Pump CRST's 30(B)(6) representative.

Defendants filed a stipulation of the following issues:

1. Defendants hereby stipulate that on May 17, 2018, the date of the accident made subject of the above captioned litigation ("Subject Accident"), Justin Bachman was acting in the course and scope of his employment with CRST Expedited, Inc.

2. Defendants hereby further stipulate that Ace American Insurance Company issued a policy of commercial liability insurance in favor of CRST Expedited, Inc. which was in full force and effect on the date of the Subject Accident.

3. Justin Bachman was solely liable for the subject May 17, 2018, accident.

## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

## B. Application

Defendants argue that pursuant to a Motion for Partial Summary Judgment [Doc. 67] that Defendants filed regarding the independent negligence claim against CRST Expedited, Plaintiff has no actionable claim against CRST Expedited because they previously stipulated to liability. Doc. 81-1. The Motion for Partial Summary Judgment was denied [Doc. 92] and the Court pointed out that this issue was previously addressed in *Gordon v. Great W. Cas. Co.,* 2020 U.S. Dist. LEXIS 112281 (W.D. La. June 25, 2020), and this Court found that the Louisiana Supreme Court has and would continue to permit direct

negligence claims even against an employer who is vicariously liable for the employee's negligence.

Plaintiff has alleged that Mr. Bachman, an employee of CRST Expedited, was negligent in his operation of an 18-wheeler he caused to collide with Mr. Rolfe's vehicle and that CRST Expedited is vicariously liable for Mr. Bachman's negligent acts and omissions. Further, Plaintiff has raised an independent cause of action against CRST Expedited for failure to "adequately train and supervise" its driver and have appropriate policies and procedures governing drivers' hiring, training, and supervision. Accordingly, these causes of action for direct negligence against CRST Expedited are still viable and have not been dismissed.

As stated in the ruling on the Motion for Partial Summary Judgment, Louisiana law requires juries to determine the comparative fault of all parties and even non-parties. Under La. C.C. art. 2323(A), Louisiana law requires a jury to allocate fault among "all persons causing or contributing to the injury. . ." This includes both defendants, CRST Expedited and Mr. Bachman, as well as non-parties such as the trainer-driver. As such, the law requires allocation of fault to be performed by the jury.

Defendants seek to exclude evidence supporting a negligent training claim against CRST Expedited arguing that it has not probative value after the stipulations. Defendants argue that the admission of this evidence serves no purpose other than prejudicing CRST Expedited. Doc. 81-1. The Court disagrees and finds that presenting evidence to the jury is important to assist in their allocation of fault. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits

exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-1116 (5th Cir. 1993). In this instance case the Court finds that the probative value of the evidence the negligent training claim against CRST Expedites is not outweighed by unfair prejudice.

Accordingly,

**IT IS ORDERED** that the Motion in Limine [Doc. 81] regarding evidence of the negligent training claim against CRST Expedited is hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 28th day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**