# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **DONALD E ROLFE** | **CASE NO. 2:19-CV-00720** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ACE AMERICAN INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion to Allow Live Testimony via Contemporaneous Transmission and to Compel Defendants to Testify Live via Video Transmission" (Doc. 100). Plaintiffs seek to have certain witnesses on its will-call list that he may not be able to produce in Lake Charles, Louisiana.

## INTRODUCTION

This suit arises from a motor vehicle accident that occurred on May 17, 2018, in Calcasieu Parish, Louisiana.[1] Mr. Rolfe was stopped at a light exiting Walmart in Sulphur, Louisiana, when Defendant Justin Bachman took a left-hand turn into the parking lot from N. Cities Service Highway and collided with Mr. Rolfe's vehicle.[2]

At the time of the motor vehicle accident, Mr. Bachman was a "student-driver," operating as an employee of CRST Expedited, and was operating under the observation of a CRST Expedited trainer-driver.[3]

---

[1] Doc. 1, att 4.
[2] Doc. 74; Doc. 67-2.

[3] Doc. 74-2 Deposition of Terry Pump CRST's 30(B)(6) representative.

# LAW AND ANALYSIS

Plaintiff, through counsel, moves the Court to allow several fact witnesses to testify live at trial via contemporaneous video transmission from locations outside of Louisiana. Defense counsel has stated that there is no objection to live video testimony for several witnesses, including Plaintiff's son, Donald Rolfe, Jr., as well as Rodney Schultz, Carolyn Witherington, and Andy Scarr. Defense counsel remarks that he is unsure if Defendant Justin Bachman and CRST Expedited, Inc.'s corporate representative, Terry Pump, will testify live in court. Plaintiff has filed the instant motion to allow Bachman and Pump to testify via contemporaneous video transmission from locations outside of Louisiana.

Plaintiff relies on Rule 43(a) of the Federal Rules of Civil Procedure which states, in pertinent part, as follows:

> **Taking Testimony**
> **(a) In Open Court.** At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location. . . .

Defendant, through counsel, opposes Plaintiff's request for these two witnesses' testimony to be presented via video transmission. Defendant posits that Rule 45 of the Rules of Civil Procedure does not allow this Court to compel Bachman and Pump's testimony at trial because these witnesses are not within 100 miles of the Lake Charles, Louisiana courthouse. Defense counsel argues (1) this court cannot expand the limits of Rule 45 to require out of state witnesses to testify from a remote location, and (2) that all

of the cases cited by Plaintiff that allowed testimony by video transmission involve complex, multi-party, multi-state litigation.

As noted by Defense counsel both Bachman and the CRST representative reside and work and/or reside farther than 100 miles from Lake Charles.[4] Thus, Defendant argues that Plaintiff cannot circumvent Rule 45, which limits the subpoena power of the Court, to compel these witnesses' testimony. The Court agrees with Defendant that these witnesses are beyond the subpoena power of the Court. Accordingly,

**IT IS ORDERED** that the Plaintiff's Motion to Allow Live Testimony via Contemporaneous Transmission and to Compel Defendants to Testify Live via Video Transmission (Doc. 100) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 28th day of October, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Bachman resides in Redding, California and Pump resides and works in Cedar Rapids, Iowa.