UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DONALD E ROLFE** | **CASE NO.  2:19-CV-00720** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ACE AMERICAN INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion for New Trial and, Alternatively, Remittitur" (Doc. 152) wherein Defendants, American Insurance Company, Crest Expedited, Inc. and Justin Bachman (the "Defendants") contend that the jury's general damage award in this matter was contrary to the law and the evidence and was so excessive that a new trial should be granted. Additionally, Defendants maintain that the jury ignored Plaintiff, Donald Rolfe's preexisting condition and failed to account for the obvious normal and natural results which would have resulted to Rolfe's lumbar back despite this accident. Finally, Defendants complaint that the jury failed to consider the impact that Rolfe's left wrist condition and subsequent surgery had on his ability to work, and therefore erred in awarding Rolfe $270,000 in past lost wages.

## INTRODUCTION

This matter was tried before a jury from June 12, 2023, through June 14, 2023. The Jury returned the following verdict:

| | |
|---|---|
| (a) Past medical expenses | $ 50,000.00 |
| (b) Future medical expenses | $100,000.00 |
| (c) Past future pain and suffering | $336,000.00 |
| (d) Past future mental anguish | $336,000.00 |
| (e) Past and future loss of enjoyment of life | $168,000.00 |

(f) Past lost wages and pension benefits        $1,260,000.00

**TOTAL AWARD**        **$1,260,000.00**[1]

## LAW AND ANALYSIS

Rule 59(a) provides that a district court may grant a new trial "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Under Rule 59, a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985); see also *Wright v. National Interstate Insurance Co.*, 2018 U.S. Dist. LEXIS 72651, 2018 WL 2017567, at *3 (E.D.La. 2018). In an action based on state law but tried in federal court by reason of diversity of citizenship, a district court must apply a new trial or remittitur standard according to the state's law controlling jury awards for excessiveness or inadequacy. See *Fair v. Allen*, 669 F.3d 601, 604 and *Foradori v. Harris*, 523 F.3d 477, 498 (5th Cir. 2008).

Louisiana provides a new trial "[w]hen the verdict or judgment appears clearly contrary to the law and the evidence," La. Code Civ. P. art. 1972, and permits the court to grant a new trial "in any case if there is good ground therefor, except as otherwise provided by law," *Id*. art. 1973. The Fifth Circuit has explained that "despite permitting a trial court to review the jury's credibility determinations, Louisiana gives the jury high deference... and provides a new trial 'when the verdict or judgment appears clearly contrary to the law and

---

[1] Jury Verdict, Doc. 143.

the evidence.'" ... Louisiana courts still accord jury verdicts great deference. *Fair v. Allen*, 669 F.3d at 604.

When granting a new trial, the court can evaluate the evidence, draw its own inferences and conclusions, and determine whether the jury "erred in giving too much credence to an unreliable witness." *Joseph v. Broussard Rice Mill, Inc.*, 772 So. 2d 94, 104 (La. 2000). A "district court abuses its discretion by denying a new trial only when there is an 'absolute absence of evidence to support the jury's verdict.'" *Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019) (quoting *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 472 (5th Cir. 2015)).

> The jury's award is not to be disturbed unless it is entirely disproportionate to the injury sustained. We have expressed the extent of distortion that warrants intervention by requiring such awards to be so large as to "shock the judicial conscience," "so gross or inordinately large as to be contrary to right reason," so exaggerated as to indicate "bias, passion, prejudice, corruption, or other improper motive," or as "clearly exceeding [the] amount that any reasonable man could feel the claimant is entitled to."

*Caldarera v. E. Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983) (citations omitted).

If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remittitur or additur is to be entered only with the consent of the plaintiff or the defendant as the case may be, as an alternative to a new trial, and is to be entered only if the issue of quantum is clearly and fairly separable from other issues in the case. *Berry v. Auto-Owners Ins. Co.*, 634 Fed. Appx. 960, 963 (5th Cir. Dec. 10, 2015).

Defendants argue that Mr. Rolfe had preexisting significant back pain stemming from age-related arthritis and prior trauma that was ignored by the jury. Plaintiff remarks that with

regard to the back pain, pre-incident, the record reveals that there were only two doctor visits with Dr. Graham, one ER visit after the fractured vertebra, and a procedure visit with Dr. Graham for an epidural steroid injects.  The record further reveals that Plaintiff's doctors as well as Defendants' own expert disputed Defendants' position that Plaintiff's problems were related to preexisting problems and/or that the subject incident is what was causing Mr. Rolfe's current back pain. The Court finds that the jury did not err in finding that Mr. Rolfe's back pain was not the result of preexisting conditions.

Defendants argue that the jury erred in awarding Mr. Rolfe $840,000 in general damages for his injuries.

"General damages are those which may not be fixed with pecuniary exactitude; instead, they 'involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." *Duncan v. Kan. City S. Ry.*, 773 So. 2d 670, 682 (La. 2000). In the jury's determination of these separate categories of damages, "vast discretion is accorded the trier of fact in fixing general damage awards." *Duncan*, 773 So. 2d at 682.; La. Civ. Code art. 2324.1.

"The factors to be considered in assessing quantum of damages for pain and suffering are severity and duration." *LeBlanc v. Stevenson*, 770 So. 2d 766, 772 (La. 2000). In review of a damage award, the "initial inquiry must always be directed at whether the award for the particular injuries and their effect upon the particular person is a clear abuse of the trier of fact's much discretion." *Reck v. Stevens*, 373 So.2d 498, 501 (La.1979); *Palmer v. Goudchaux/Maison Blanche, Inc.*, 588 So. 2d 737, 743–44 (La. App. 5 Cir. 1991).

Additionally, "because the facts of each case are different, prior damage awards are not always controlling; a departure from prior awards is merited if 'unique facts are present that are not reflected within the controlling caselaw." *Learmonth v. Sears, Roebuck and Co.*, 631 F.3d 724, 739 (5th Cir. 2011) (citations omitted). Accordingly, when there are unique facts pertaining to damages, "the maximum recovery rule is not implicated and [the court should refuse] to substitute [its] judgment for that of the jury." *Learmonth*, 631 F.3d at 739.

As noted by Plaintiff, the facts involving Mr. Rolfe's injury are quite unique. The jury heard that Mr. Rolfe, who suffered from polio from childbirth, had worked for over 50 years and had plans of retiring at age 70. The jury heard that Mr. Rolfe was an exemplary employee. The testimony revealed the Mr. Rolfe rarely missed work and faced many challenges in doing so. In addition, at age 67, when the incident occurred, Mr. Rolfe had plans to be married, retire, and travel with his new wife. The incident completely reeked havoc on Mr. Rolfe's plans, including losing his home, his job, and his future wife. The Court finds that in this instance, the jury heard very unique facts and was obviously sympathetic to Mr. Rolfe and the struggles he faced along with the effect the incident had on his life post incident. Thus, the Court cannot find that the jury abused its discretion in its award of general damages.

Next, Defendants complain that the jury erred by awarding Mr. Rolfe $270,000.00 for past lost wages and pension benefits. Defendants argue that Mr. Rolfe's discontinuance of his work function was due to his left wrist condition and not related to the subject accident. The record reflects that Mr. Rolfe had left wrist scapholunate ligament reconstruction post anterior interosseous neurectomy on February 21, 2020, and was treated for the left wrist until December 2020. The accident occurred May 17, 2018.

However, the jury also heard that Mr. Rolfe was out of work from June 26, 2018, until January 3, 2022; the evidence presented established that this absence equated to a loss of wages and pension of $379,153.00. The jury awarded 71% of the total loss of wages and pension for a total of $270,000.  Thus, the Court can easily presume that the jury considered the left wrist injury.  Also, of significance, the jury heard numerous witnesses testify that Mr. Rolfe could easily perform his job without the use of his wrist, and that there were jobs available for Mr. Rolfe. The Court finds no abuse of discretion by the jury's award for past lost wages and pension benefits.

## **CONCLUSION**

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for New Trial and, Alternatively, Remittitur (Doc. 152) filed by Defendants, American Insurance Company, Crest Expedited, Inc. and Justin Bachman is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 16th day of August, 2023.

                                                   **JAMES D. CAIN, JR.**
                                   **UNITED STATES DISTRICT JUDGE**